## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY BURTON | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| SONDRA RODRIGUES | : | NO. 07-1261 |

Gene E.K. Pratter, J.                                                                                              May 15, 2007

### MEMORANDUM AND ORDER

Plaintiff, Larry Burton, an inmate at the State Correctional Institution at Fayette (SCI-Fayette), seeks to bring a civil action in forma pauperis[1] to assert claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must pay the full amount of the $350 filing fee, 28 U.S.C. § 1915(b)(1). The prisoner must submit a certified copy of his or her inmate trust fund account statement for the 6-month period immediately preceding the filing of the complaint so the Court can determine how the $350 filing fee will be paid. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he or she was or is confined during the preceding six months. Id. The Court must then "assess [the prisoner's financial status] and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of - - (A) the average monthly deposits to the prisoner's account; or (B) the average

---

[1] Suite brought in forma pauperis are governed by 28 U.S.C. § 1915.

Dockets.Justia.com

monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint. . . ."

Based upon Mr. Burton's financial information, an initial partial filing fee of $17.65 is assessed here. The Superintendent or other appropriate official at SCI-Fayette, or at any prison at which plaintiff may be confined while the filing fee remains unpaid, is directed to deduct $17.65 from Mr. Burton's inmate account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania. Thereafter, each time that the balance in Mr. Burton's inmate account (at any correctional institution) exceeds $10, an amount no greater than 20 percent of the money credited to the account during the preceding month will be deducted and forwarded to the Clerk of Court until the filing fee is paid.

Plaintiff Burton may not have known in specific detail when he commenced this action that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to seek or receive a refund of some or all of his filing fee. Therefore, the Court will give Mr. Burton twenty (20) days from the date of this Order to decide whether he wants to proceed with this case. If by that time, namely, by June 4, 2007 plaintiff decides not to proceed with this case, he need not pay the $350 filing fee.

Accordingly, it is this 15th day of May, 2007, hereby ORDERED that:

    1.    The petition of Larry Burton is **DENIED WITHOUT PREJUDICE** to its

        reassertion in accordance with the terms of this Order;

2.      If Mr. Burton files with the Court within twenty (20) days from the date of this Order a notice that he wishes to proceed with this action and thereby obligate himself to pay the $350 filing fee, this action will be reinstated; and

3.      If no such notice is timely received, the Clerk of Court shall CLOSE this case statistically.

                                                 BY THE COURT:

                                                S/Gene E.K. Pratter
                                                GENE E.K. PRATTER