IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY BURTON,** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **SONDRA RODRIGUES** | : | |
| **Defendant** | : | NO. 07-1261 |

MEMORANDUM

PRATTER, DISTRICT JUDGE                                                                   JUNE 13, 2007

     Plaintiff Larry Burton is an inmate currently incarcerated at SCI-Fayette, located in LaBelle, Pennsylvania. The only defendant named in this action is Sondra Rodrigues, who was Mr. Burton's court-appointed attorney for certain proceedings in state court following Mr. Burton's conviction. For the reasons stated below, Mr. Burton's Complaint will be dismissed for failure to state a claim upon which relief may be granted.

DISCUSSION

     A.     **Standard of Review**

     This Court reviews Mr. Burton's Complaint in accordance with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) ("PLRA"), which amends 28 U.S.C. § 1915. Section 1915(e) requires a federal court to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Id. § 1915(e)(2)(B).

     Mr. Burton is considered a "prisoner" as that term is defined under the PLRA, see id. §§ 1915(h), and is proceeding in forma pauperis in this action. Therefore, the Court reviews his allegations in accordance with the directives provided in 28 U.S.C. § 1915(e). In reviewing

complaints under 28 U.S.C. § 1915(e), federal courts apply the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Banks v. Hayward, No. 06-509, 2006 U.S. Dist. LEXIS 38386, at *3 (W.D. Pa. May 3, 2006), adopted by, 2006 U.S. Dist. LEXIS 34535 (W.D. Pa. May 26, 2006), aff'd, No. 06-3266, 2007 U.S. App. LEXIS 3157 (3d Cir. Feb. 13, 2007) (unpublished). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

### B. Mr. Burton's § 1983 Complaint

Mr. Burton brings this action against Ms. Rodrigues pursuant to 42 U.S.C. § 1983.[1] According to Mr. Burton's Complaint, after Mr. Burton was convicted in state court, Ms. Rodrigues was appointed to file a petition on Mr. Burton's behalf in the Pennsylvania Supreme Court to permit him to appeal his conviction.[2] Ms. Rodrigues did, in fact, file such a petition on

---

[1] Section 1983, in pertinent part, reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

[2] In his Complaint, Mr. Burton states that Ms. Rodrigues was appointed to represent him to appeal his state court conviction. Compl. 1. Mr. Burton further provides as an exhibit to his Complaint a letter, dated June 8, 2004, to him from Ms. Rodrigues in which she informed him that she had been appointed to represent him. Compl. Ex. A. The Court accepts as true Mr. Burton's allegation that Ms. Rodrigues was appointed to represent him for certain of his post-

Mr. Burton's behalf, which the Pennsylvania Supreme Court denied on April 11, 2006.

In his Complaint, Mr. Burton alleges that Ms. Rodrigues failed, neglected, and/or refused to inform him that the Pennsylvania Supreme Court denied his petition. Mr. Burton claims that Ms. Rodrigues's actions denied him meaningful or prompt access to the courts, caused a substantial delay for him to file a petition for collateral relief in state court, "and may cause [him] procedural time ramifications when (and if) he has to file a federal habeas corpus petition." Compl. 2. Mr. Burton also claims to have suffered emotional distress, mental anguish, loss of sleep, loss of appetite, and stress. Id. 3.

It is well settled that a criminal defense attorney is not a "state actor" for purposes of a Section 1983 claim, regardless of whether the attorney is a private attorney or a public defender. Banks, 2006 U.S. Dist. LEXIS 38386, at *4-5. In order to proceed with a claim under Section 1983, as a matter of establishing federal jurisdiction, the plaintiff must allege that a defendant acted "under color of state law." See 42 U.S.C. § 1983; Polk County v. Dodson, 454 U.S. 312, 315 (1981). In the Third Circuit, it is clear that court-appointed counsel do not act "under color of state law" in performing their duties as counsel to a criminal defendant, and thus, "court-appointed counsel are absolutely immune from civil liability under § 1983." Black v. Bayer, 672 F.2d 309, 317 (3d Cir.), cert. denied, Stoica v. Stewart, 459 U.S. 916 (1982); Smith v. Jurman, No. 06-6019 (RBK), 2007 U.S. Dist. LEXIS 3356, at *8 (D.N.J. Jan. 11, 2007) ("In any event, court-appointed counsel, public defenders, and investigators employed by a public defender are absolutely immune from civil liability under § 1983 when acting within the scope of their professional duties.").

---

conviction proceedings.

In this case, Mr. Burton has failed to allege any facts showing that Ms. Rodrigues is a state actor for purposes of imposing liability under 42 U.S.C. § 1983.  Accordingly, Mr. Burton's Complaint is insufficient to state a claim under Section 1983.

Arguably, Mr. Burton's Complaint also alleges certain claims arising under state law.  However, absent an independent source of federal subject matter jurisdiction, the Court will not exercise jurisdiction over Mr. Burton's potential state-law claims.  See 28 U.S.C. § 1367(c); Banks, 2007 U.S. App. LEXIS 3157, at *6 ("A district court may decide against exercising its supplemental jurisdiction over the state-law claims that remain after all federal claims are dismissed").

### CONCLUSION

Because a court-appointed attorney is immune from civil liability under Section 1983, Mr. Burton's Section 1983 claim must be dismissed for failure to state a claim upon which relief could be granted.  In addition, because Mr. Burton does not plead any alternative basis for jurisdiction in this Court, Mr. Burton's Complaint must be dismissed for lack of subject matter jurisdiction.

    S/Gene E.K. Pratter  
    Gene E.K. Pratter  
    United States District Judge

June 13, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY BURTON,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **SONDRA RODRIGUES** | : | |
| Defendant | : | **NO. 07-1261** |

**O R D E R**

**AND NOW**, this __th day of June, 2007, upon consideration of Plaintiff Larry Burton's Complaint (Docket No. 1), it is **ORDERED** that Plaintiff's Complaint is **DISMISSED** in accordance with 28 U.S.C. § 1915 (e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.  The Clerk of the Court is instructed to mark this case as **CLOSED** for all purposes, including statistics.

BY THE COURT:

\_\_s/Gene E.K. PRATTER\_\_\_
GENE E.K. PRATTER
United States District Judge