IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY BURTON,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **SONDRA RODRIGUES** | : | |
| **Defendant** | : | **NO. 07-1261** |

**MEMORANDUM AND ORDER**

PRATTER, DISTRICT JUDGE                                                                                                JUNE 29, 2007

Plaintiff Larry Burton is an inmate currently incarcerated at SCI-Fayette, located in LaBelle, Pennsylvania. Mr. Burton brought an action pursuant to 42 U.S.C. § 1983 against Sondra Rodrigues, who was Mr. Burton's court-appointed attorney for certain post-conviction proceedings in state court. By Memorandum and Order dated June 13, 2007 (Docket No. 8), the Court dismissed Mr. Burton's 42 U.S.C. § 1983 claim for failure to state a claim upon which relief could be granted, and ordered that this case be closed.

Thereafter, Mr. Burton filed a Motion to Vacate Pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) provides that a party may bring a motion for reconsideration within ten days of the entry of the judgment. Fed. R. Civ. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986)). A court should grant a motion for reconsideration only if: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice. Drake v. Steamfitters Local Union No. 420, No. 97-585, 1998 U.S. Dist. LEXIS 13791, at *7-8 (E.D. Pa. Sept. 3, 1998) (citing Smith v. City of Chester, 155 F.R.D. 95, 96-97 (E.D. Pa. 1994)).

"Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Furthermore, a motion for reconsideration is not to be used as a means to reargue matters already argued and decided. Moyer v. Italwork s.a.s., No. 95-2264, 1997 U.S. Dist. LEXIS 7912, at *9 (E.D. Pa. June 3, 1997) (citations omitted). Courts in this district have cautioned that any litigant wishing to bring a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the court and the litigant. Buehl v. Vaughn, No. 95-5917, 1997 U.S. Dist. LEXIS 2470, at *2-3 (E.D. Pa. Mar. 5, 1997). In other words, such a motion cannot properly be grounded merely on a request that a court "rethink a decision it has already made." Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (quoting Tobin v. Gen. Elec. Co., No. 95-4003, 1998 U.S. Dist. LEXIS 693, at *2 (E.D. Pa. Jan 27, 1998)).

In this case, the Court issued an Order dismissing Mr. Burton's complaint on June 13, 2007. Mr. Burton signed and dated his motion to reconsider on June 26, and the motion was filed with the Court on June 28. Mot. Vacate 2 (Docket No. 9). Therefore, Mr. Burton's motion was untimely. Adhering to the prison mailbox rule and acknowledging that Mr. Burton's motion is deemed filed as of June 26, 2007 – the date it was signed and placed in the prison mailbox – it was not filed within ten (10) days after the judgment was entered as required Rule 59(e). An untimely motion for reconsideration is "void and of no effect." Amatangelo v. Borough of Donora, 212 F.3d 776, 780 (3d Cir. 2000); Constr. Drilling, Inc. v. Chusid, 90 F. App'x 630, 632

(3d Cir. 2004) (unpublished).  Therefore, Mr. Burton's motion must be dismissed.[1]

**AND NOW**, upon consideration of Plaintiff Larry Burton's Motion to Vacate (Docket No. 9), it is **ORDERED** that the Motion (Docket No. 9) is **DENIED**.

S/Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge

June 29, 2007

---

[1] Even if Mr. Burton's motion was not time barred, the Court would be bound to dismiss it because Mr. Burton does not identify any "manifest errors of law or fact" in the Court's June 13 Memorandum and Order or seek "to present newly discovered evidence" in support of his motion.  Harsco Corp., 779 F.2d at 909.  Mr. Burton simply disagrees with the Court's ruling and its underlying reasoning, and is requesting that the the Court "rethink a decision it has already made."  As stated above, that does not constitute appropriate grounds for a motion to reconsider.  See Drysdale, 153 F. Supp. 2d at 682.